# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Jacek Kazmierczak,

        Plaintiff,

v.

National Institute of Standards and Technology and Shyam Sunder; Central Intelligence Agency; C.I.A. Bin Laden Station Unit, circa 1991-2021; National Security Agency; Federal Aviation Administration; AA American Airlines Emergency Response, in North Carolina; President George W. Bush, and his Cabinet; Condoleezza Rice; The Carlyle Group; Saudi Binladin Group; Vice President Dick Cheney; Halliburton; Governor Jeb Bush; New York Port Authority; New York Fire Department; President Donald J. Trump; Congressman Bill Posey; State of Florida; Governor Rick Scott; and Pam Bondi,

        Defendants.

Case No. 21-CV-0980 (MJD/ECW)

**REPORT AND RECOMMENDATION**

> The C.I.A. stole the email I sent to Governor Jesse Ventura on February 7 or February 9, 2000 to stop the 9/11/2001 attacks and used it at the ELS Learning Center (Oakland, CA and possibly Florida) with Hani Hanjour to carry out the 9/11/2001 attacks. A duplicate copy was sent at the same time to the radio personality The Wigmaster at 99Rock WPLR New Haven, Connecticut in case anything happened to me as evidence.

(Dkt. 1 at 2.) Thus begins the substantive portion of the Complaint of Plaintiff Jacek

Kazmierczak, who seeks criminal prosecution of multiple current and former

governmental employees along with $3.3 trillion in damages for alleged copyright infringement stemming from the alleged theft of his email to Governor Ventura.

Kazmierczak has filed an identical action in at least one other federal district court, *see Kazmierczak v. National Institute of Standards and Technology*, No. 3:1-CV-0508 (JAM), 2021 WL 1578804, at *1 (D. Conn. Apr. 21, 2021), and as that court has explained, each of Kazmierczak's claims appear to be plainly barred by the relevant statute of limitations, wholly conclusory, frivolous, or all three, *see id*. at *2. This Court agrees with the analysis of that Court in all particulars. That said, it is recommended that this matter be dismissed on yet another basis: this District is not an appropriate venue for this litigation.

Under 28 U.S.C. § 1391(b):

> A civil action may be brought in —
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

None of those three situations applies here.[1]  The Complaint does not establish the state of residence of any of the defendants, many of which, such as the State of Florida, are plainly not residents of Minnesota.  This District is, at most, only tangentially related to the events at issue in this litigation; only the allegation that Kazmierczak sent an email to a resident of Minnesota (among other people) tethers this action to this District at all.[2]  Put another way, far less than "a substantial part of the events or omissions giving rise to the claim occurred" in Minnesota.  28 U.S.C. § 1915(b)(2).  Finally, there is no reason to believe that there is not another judicial district in which this action could have been brought; indeed, as this Court explained above, Kazmierczak is proceeding simultaneously with a parallel action in at least one other district, *see Kazmierczak v. Central Intelligence Agency*, No. 2:21-CV-14088 (AMC) (S.D. Fla. filed Feb. 12, 2021), perhaps more (*see* Dkt. No. 1-2 at 1 (letter addressed to "Judges in California, Minnesota, and Connecticut).

---

[1]  Several of the defendants named to this action are agencies or officers of the United States.  The relevant venue provision for those defendants is § 1391(e) rather than § 1391(b).  For purposes of this action, the only relevant respect in which § 1391(e) differs from § 1391(b) is that the provision also allows for venue in any judicial district in which "the plaintiff resides if no real property is involved in the action."  Kazmierczak alleges that he lives in Florida, not Minnesota.  (*See* Dkt. 1 at 1.)

[2]  As explained to Kazmierczak by the Connecticut court, "'[c]ivil actions for copyright infringement must be commenced within three years after the claim accrued.'  Kazmierczak filed his complaint more than 20 years after the copyright infringement allegedly occurred."  *Kazmierczak*, 2021 WL 1578804, at *2 (*quoting Sohm v. Scholastic Inc.*, 959 F.3d 39, 50 (2d Cir. 2020)).  Only Kazmierczak's copyright claim stemming from the alleged theft of the email relates in any way at all to Minnesota, and that claim is plainly barred by the statute of limitations.

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). This Court does not believe that transfer of this matter would be in the interests of justice. The claims brought by Kazmierczak appear to be wholly without merit, *see Kazmierczak*, 2021 WL 1578804, at *1, and again, the lawsuit has <u>already</u> been brought elsewhere, *see id*. Instead, it is recommended that this matter be dismissed without prejudice pursuant to § 1406(a).

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. This matter be DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1406(a).

2. The application to proceed *in forma pauperis* of plaintiff Jacek Kazmierczak (Dkt. 2) be DENIED AS MOOT.

Dated: April 30, 2021                         *s/Elizabeth Cowan Wright*
                                                         ELIZABETH COWAN WRIGHT
                                                         United States Magistrate Judge

## **NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).